UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEROME T. DUNBAR, as parent and natural guardian of his minor children R.D., J.J.D., and C.M.D., Plaintiff, | : : : : : | Case No. 3:05 CV 1234 (CFD) |
| v. | : : | |
| SUZANNE COLASANTO, et al., Defendants. | : : | |

**RULING ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Jerome Dunbar, proceeding pro se and in forma pauperis on behalf of his three minor children, brought this suit against Chief Housing Clerk for the State of Connecticut Suzanne Colasanto, sued in her individual and official capacities; Connecticut Superior Court Judge Barry C. Pinkus, sued in his individual and official capacities; Connecticut State Marshal Joseph Nardini, sued in his individual and official capacities; private attorney David F. Borrino; State Street Bank and Trust Company, Inc. ("State Street"); and the Connecticut law firm of Reiner, Reiner & Bendett, PC ("Reiner").  Dunbar alleges that the defendants, both individually and collectively, have violated his children's constitutional rights to due process and equal protection secured by the Fifth and Fourteenth Amendments.  Defendants Borrino, State Street, and Reiner have moved to dismiss the action, arguing that Dunbar is not authorized to represent his children in this matter.

I.      Discussion

While a litigant in federal court has the right to act as his or her own counsel, see 28

U.S.C. § 1654, a non-attorney litigant may not bring suit on behalf of his or her minor children. As the Second Circuit has written,

> [A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.  The choice to appear pro se is not a true choice for minors who under state law . . . cannot determine their own legal actions.  There is thus no individual choice to proceed pro se for courts to respect. . . .  It is not in the interests of minors or incompetents that they be represented by non-attorneys.  Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.  There is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian.

Cheung v. Youth Orchestra Found., Inc., 906 F.2d 59, 61 (2d Cir. 1990).

As Dunbar has not represented to the Court that he is a licensed attorney or a member of the bar of the United States District Court for the District of Connecticut, he has no legal authority to proceed on behalf of his minor children.[1]  The Court notes that under Federal Rule of Civil Procedure 17(c), it has the authority to appoint counsel for the minor children or to take other actions "as it deems proper" for their protection.  As Dunbar's claims on behalf of the children are not "likely to be of substance," however, the Court declines to exercise such authority at this time and finds that appointment of counsel is not warranted.  See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986) (citing standards for district courts to consider in exercising their discretion to appoint counsel).

---

[1] Dunbar raises no claims of his own; his complaint is brought solely in his status as parent, suing on behalf of his minor children.  In his reply to the defendants' motion to dismiss, Dunbar appears to argue that he is entitled to maintain this suit under Fed. R. Civ. P. 17(c), which allows for an infant's guardian, conservator, or like fiduciary to sue or defend on the infant's behalf.  See Doc. #16 at 5-9.  That rule, however, does not allow for such fiduciaries to sue or defend pro se.  As a non-attorney, Dunbar may not proceed simply on the basis of Fed. R. Civ. P. 17(c).

**II.     Conclusion**

For the reasons above, the Defendants' Motion to Dismiss and/or Enjoin Unauthorized Practice of Law [Doc. #10] is GRANTED.[2]  This dismissal is without prejudice.  The Clerk is directed to close this case.

So ordered this _24th_ day of March 2006 at Hartford, Connecticut.

                                                /s/ CFD
                                       **CHRISTOPHER F. DRONEY**
                                       **UNITED STATES DISTRICT JUDGE**

---

[2] Although the motion to dismiss was brought by only three of the defendants to this action, Dunbar still possesses no legal authority to maintain a suit on behalf of his children against the remaining defendants.  Therefore, the Court dismisses this case in its entirety.